# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL D. LUSK,**

    Plaintiff,

v.                                                                 Case No. 19-CV-616

**MILES S. ARNE,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Carl Lusk, who is incarcerated at Green Bay Correctional Institution and representing himself, is proceeding on claims for deliberate indifference under § 1983. The Prison Litigation Reform Act (PLRA) applies to this case because Lusk was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). On October 13, 2020, the defendants filed a motion for partial summary judgment on the ground that Lusk failed to exhaust the available administrative remedies on some of his claims before he initiated this lawsuit.[1] (ECF No. 57.) The motion is fully briefed and ready for resolution.

---

[1] At the time the defendants moved for summary judgment Joshua Howard was a plaintiff in this action. Howard subsequently filed a motion to voluntarily dismiss his

*1. Factual Background*

Lusk is proceeding on deliberate indifference claims under the Eighth Amendment based on: (1) the confiscation of his asthma inhaler when he was transferred to the restricted housing unit (RHU) on July 10, 2018, as well as the alleged refusal of Officers Zakary Korpita, Miles Arne, and Caitlin Seekins to provide the inhaler when the heat triggered his asthma on July 11, 2018; (2) Officer Chad Cooke leaving Lusk laying on the floor when he passed out and hit his head on July 11, 2018; (3) Health Services Manager Jean Lutsey refusing to ensure Lusk received his inhaler; (4) Nurse Mary Alsteen putting Lusk on the non-urgent wait list and not seeing him until July 16, 2018; and (5) Officer Preston Staszak telling Lusk to drink water and lay down after Lusk informed Staszak he had received the wrong medication on July 24, 2018. (ECF No. 59 at ¶ 2 (citing ECF No. 14 at 6-8).)

According to the defendants, Lusk did not file any inmate complaints about Korpita, Arne, or Seekins ignoring his request for an inhaler on July 11, 2018. (ECF No. 59 at ¶¶ 4-5.) Lusk disputes the defendants' assertion. (ECF No. 93 at ¶4.) He points to inmate complaint GBCI-2018-15100, which he filed on July 13, 2018. In that inmate complaint, he stated that it was hard for him to breathe because he had not been given his inhaler. (*Id.*; ECF No. 92 at ¶¶ 7-8; ECF No. 60-3 at 10-11.) He further asserted that it was hot and that he had pushed his medical call button multiple

---

claims against the defendants, which the court granted. (ECF No. 89.) Accordingly, the Court will not address those portions of the defendants' motion directed at Howard's claims.

times during the second and third shifts. He explained that he became dizzy and passed out and that, while he remembers someone trying to check on him, he was unable to respond. He complained that he had been asking for his inhaler since the first shift, and if it had not taken so long he would not have passed out and hit his head. (*Id.*)

The defendants next assert that Lusk did not file an inmate complaint about Cooke failing to get help for him after finding him on the floor of his cell on July 11, 2018. (ECF No. 59 at ¶ 6.) Lusk also disputes this assertion, noting that in the same inmate complaint (GBCI-2018-15100) he referenced an unknown officer coming to his cell to check on him. (ECF No. 93 at ¶ 6.) Lusk highlights that, in a different case, Cooke acknowledged in responses to Lusk's discovery requests that, on July 11, 2018, he had observed Lusk laying on his cell floor. (*Id.*)

Finally, the defendants assert that Lusk did not file an inmate complaint about Staszak allegedly telling Lusk on July 24, 2018 to lay down and drink water in response to Lusk's assertion that he had accidentally taken another inmate's medication. (ECF No. 59 at ¶ 7.) Lusk also disputes this assertion. He explains that in inmate complaint GBCI-2018-16007 he wrote, "I called the MCB (medical call button) and talked to a staff who[se] name started with a "S" or "C" and I explained to the C.O. I believe I had taken the wrong meds and don't feel well." (ECF No. 94 at ¶4.) Neither party provided a copy of inmate complaint GBCI-2018-16007. Lusk's inmate complaint history report summarizes the issue of that inmate complaint being that an officer "gave him the wrong meds." (ECF No. 60-2 at 2.)

3

*2. Legal Standard*

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

*3. Analysis*

It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners

4

Case 2:19-cv-00616-WED   Filed 06/17/21   Page 4 of 10   Document 97

must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

With regard to Lusk's claims against Korpita, Arne, Seekins, and Cooke, the parties do not dispute that Lusk pursued inmate complaint GBCI-2018-15100 through all levels of the inmate complaint system. The exhaustion dispute centers on whether that inmate complaint "clearly identif[ied] the issue[s]" that form the basis of Lusk's claims against those defendants. *See* Wis. Admin. Code DOC § 310.09 (2002) (amended 2018). The defendants contend that GBCI-2018-15100 did not allege "that Officers Korpita, Arne, or Seekins ignored his requests for an inhaler on or about July 11, 2018." (ECF No. 58 at 4.)

Even if the defendants are correct that Lusk did not identify by name the officers who denied him his inhaler, his failure to do so would not compel a finding that he failed to exhaust his claim against them. The Court of Appeals for the Seventh Circuit recently acknowledged that "[t]he regulation specifying that a prisoner must 'clearly identify the issue' in an inmate complaint is not . . . specific about what it takes to satisfy th[at] requirement." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). In circumstances where a regulation provides little guidance about the required contents of an inmate complaint, the Seventh Circuit has "held that an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id*. Notice is sufficient because "the purposes of exhaustion" are to "protect[] the prison's administrative

5

authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Id.*

Lusk identified the issue in GBCI-2018-15100 as, "Not being give[n] medical inhalers, hard to breathe." (ECF No. 60-3 at 10.) In the detail section he explained that unidentified officers were not responding to him pushing his medical call button and that he had been asking for his inhaler since first shift to no avail. (*Id.*; ECF No. 92 at ¶8.) Although Lusk did not know the names of the officers who refused his requests for his inhaler, the regulations do not require that an inmate complaint contain those details, so Lusk's failure to include them does not establish that he failed to exhaust his administrative remedies. *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). The regulations require only that an inmate clearly identify the issue, which Lusk did when he wrote that he had been denied his inhaler. Accordingly, the Court concludes that Lusk provided adequate notice to the institution of his claim. He, therefore, exhausted his administrative remedies for his claim that Korpita, Arne, and Seekins were deliberately indifferent to his medical needs when they refused his requests for his inhaler. The court will deny the defendants' motion as to this claim.

The Court reaches a different conclusion with regard to Lusk's claim that Cooke failed to get medical attention for him after he passed out. As noted, Lusk identified the "**ONE**" issue in GBCI-2018-15100 as him being denied his inhaler. (ECF No.60-3.) Lusk does not assert that Cooke refused to give him his inhaler or

6

that Cooke even knew Lusk needed his inhaler (Lusk asserts he was unable to respond to Cooke). Instead, he alleges that Cooke failed to get him medical care after Lusk passed out as a result of not having his inhaler. Lusk's claim that he was denied medical care after passing out is separate from his claim that he was denied his inhalers. The regulations are clear that inmate complaints may raise only one issue at a time, and Lusk identified the one issue he wanted the institution complaint examiner to review. If he wanted additional issues reviewed, he needed to file a separate inmate complaint. The Court concludes that Lusk did not exhaust the administrative remedies on his claim that Cooke was deliberately indifferent to his needs for medical care, and therefore will dismiss that claim without prejudice.

Finally, the Court concludes that the defendants have not carried their burden of proving that Lusk failed to exhaust the administrative remedies in connection with his claim that, on July 24, 2018, Staszak instructed Lusk to lay down and drink water after Lusk told him that he had accidentally taken another inmate's medication. The defendants submitted a declaration from Emily Davidson, a corrections complaint examiner, in which she states that Lusk did not submit any inmate complaints about Staszak's actions. (ECF No. 60 at ¶12.) Lusk rebutted her assertion with his own declaration, which notes that on July 24, 2018, he submitted inmate complaint GBCI-2018-16007, in which he described suffering a seizure after being given the wrong medication. (ECF No. 92 at ¶9; ECF No. 94 at ¶4.) In the inmate complaint Lusk further stated, "he pressed his medical call button and talked to a staff whose name

7

started with 'S' and [he] explained to the C.O. that [he] believe[d] [he] had taken the wrong meds and d[id]n't feel well." (*Id.*) (internal punctuation marks omitted).

The defendants did not directly address Lusk's assertions about the filing and content of inmate complaint GBCI-2018-16007. Instead, they argue that Lusk provides no admissible evidence to support his assertions. The defendants do not explain why Lusk's assertions in his declaration that inmate complaint GBCI-2018-16007 adequately raised the issue are insufficient to rebut the assertions in Davidson's declaration that Lusk did not raise the issue.

Further, rather than providing inmate complaint GBCI-2018-16007 for the court's review, the defendants rely on Lusk's inmate complaint history report, which summarizes the issue in inmate complaint GBCI-2018-16007 as being that an officer had given Lusk the wrong medication. (ECF No. 60-2 at 2.) But the defendants bear the burden of proving that Lusk failed to exhaust his administrative remedies, and therefore the court must draw all reasonable inferences in Lusk's favor. *Banks v. Patton*, 743 F. App'x 690, 695 (7th Cir.). The defendants ask the court to infer, based only on a nine-word summary of the issue, that inmate complaint GBCI-2018-16007 did not put the institution on notice of Lusk's claim against Staszak. But, given Lusk's assertions regarding the content of that inmate complaint, such an inference against Lusk is not supported by the factual record.

Still, the Court will dismiss Staszak from this case. Under Federal Rule of Civil Procedure 20, multiple defendants "may be joined in one action" if the right to relief asserted against them arises "out of the same transaction, occurrence, or series of

8

transactions or occurrences; and any question of law or fact common to all the defendants will arise in the action." Under Rule 21, when there is a misjoinder of parties, "the court may at any time, on just terms add or drop a party."

Lusk's claims against all defendants except Staszak arise out of the alleged denial of his inhaler after he was transferred to the restricted housing unit on July 10, 2018. Lusk's claim against Staszak arises out of Lusk receiving another inmate's medication more than a week after the inhaler issue had been resolved. Given that the factual basis giving rise to Lusk's claim against Staszak is distinct from the factual basis giving rise to his claims against the remaining defendants, Lusk must pursue his claim against Staszak in a separate case. *See George v. Smith*, 501 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

**IT IS THEREFORE ORDERED** that the defendants' motion for partial summary judgment on the ground that Lusk failed to exhaust the available administrative remedies as to some of his claims (ECF No. 57) is **GRANTED in part** and **DENIED in part**. Lusk's claim against Cooke is **DISMISSED** without prejudice based on Lusk's failure to exhaust his administrative remedies on that claim. The motion is denied as to Lusk's claims against Korpita, Arne, Seekins, and Staszak.

**IT IS FURTHER ORDERED** that Staszak is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 21 because he is not properly joined in this action under Fed. R. Civ. P. 20.

Dated in Milwaukee, Wisconsin this 17th day of June, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge